IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-cv-00061-BO

| | |
|---|---|
| KARLA LYNN SALDIERNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. [DE 17, 19]. A hearing on this matter was held on August 30, 2017, in Raleigh, North Carolina. [DE 24]. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

On December 11, 2012, plaintiff filed an application for Social Security Disability Insurance. Plaintiff alleged a disability onset date of May 1, 2012, due to the following conditions: severe venous insufficiency, degenerative disc disease ("DDD") of the spine, and morbid obesity. [Tr. 17]. Plaintiff's application was denied both initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a hearing on July 9, 2014, to consider plaintiff's claims *de novo*. [Tr. 32–51]. On September 23, 2014, the ALJ issued an unfavorable decision finding that plaintiff was not disabled. [Tr. 15–26]. The Appeals Council denied plaintiff's request for a review of the ALJ's decision [Tr. 1–3], thereby rendering the ALJ's decision the final decision of the Commissioner. On April 8, 2016, plaintiff filed a

complaint with the court seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). [DE 5].

## LEGAL STANDARD

A district court's review of the Commissioner's final decision is limited to determining whether the correct legal standard was applied and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

Under the Social Security Act ("Act"), an individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides:

> an individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other line of substantial gainful work . . . .

42 U.S.C. § 1382c(a)(3)(B).

The ALJ engages in a sequential five-step evaluation process to make an initial disability determination. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding the claimant's

disability can be made at any step of the process, the ALJ's inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

When evaluating adults, the ALJ denies the claim at step one if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). At step two, the ALJ denies the claim if the claimant does not have a severe impairment or combination of impairments significantly limiting her from performing basic work activities. *Id.* At step three, the ALJ compares the claimant's impairment to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed, or equivalent to a listed impairment, disability is conclusively presumed without considering the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ then makes a residual functional capacity ("RFC") finding. 20 C.F.R. § 404.1545(e).

In making an RFC finding, the ALJ's considers both severe and non-severe impairments, and any combination thereof, and takes into account both objective medical evidence as well as subjective complaints of pain and limitations. 20 C.F.R. § 404.1545(e). The ALJ further considers the claimant's ability to meet the physical, mental, sensory, and other requirements of accomplishing work. 20 C.F.R. § 404.1545(a)(4). An RFC finding is meant to reflect the most that a claimant can do, despite her limitations. 20 C.F.R. § 404.1545(a)(1). Moreover, an RFC finding should reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

At step four, the ALJ considers a claimant's RFC to determine whether she can perform past relevant work ("PRW") despite her impairments. 20 C.F.R. § 416.920(a)(4). If not, the

3

ALJ proceeds to step five of the analysis: establishing whether the claimant–based on her RFC, age, education, and work experience–can make an adjustment to perform other work. *Id.* To determine what occupations are available that a claimant could perform, the ALJ relies on the *Dictionary of Occupational Titles* ("DOT") including its companion publication, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO"). SSR 00-4p. If the claimant cannot perform other work, the ALJ finds her disabled. 20 C.F.R. § 416.920(a)(4).

## **DISCUSSION**

In the present matter, applying the sequential five-step evaluation process, the ALJ found that steps one through four favored plaintiff. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of May 1, 2012. [Tr. 17]. At step two, the ALJ enumerated plaintiff's severe impairments, including: lumbar DDD with changes at L2-3, L4-5, and L5-S1; venous insufficiency; and obesity. *Id.* The ALJ also determined that plaintiff's obstructive sleep apnea was not a severe impairment because her symptoms were controlled with a CPAP machine, and that her mood disorder was non-severe. [Tr. 17–18]. At step three, the ALJ found that none of plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 18]. The ALJ found that plaintiff had the RFC to perform unskilled light work with the following limitations: "the claimant can only occasionally climb ramps, stairs, ladders, ropes, and scaffolds. Additionally, she can frequently balance but only occasionally stoop, kneel, crouch, and crawl." [Tr. 19]. At step four, the ALJ found that plaintiff was unable to perform her PRW as a detention officer. [Tr. 25]. At step five, after noting that plaintiff (1) was born in 1961, (2) was 50 years old on the alleged disability onset

4

date, and (3) had at least a high school education, the ALJ found that the plaintiff was not disabled under the Act because she could perform jobs existing in significant numbers in the national economy. [Tr. 26].

Here, the record reflects plaintiff's hearing testimony that her treating physicians recommended that she keep her legs elevated at or above her heart level in order to alleviate swelling in her legs. [Tr. 44–45]. Plaintiff stated that the elevation needed to be regular and that, although it did not completely alleviate her swelling, it did help. *Id.* The ALJ acknowledged plaintiff's need to elevate her legs. [Tr. 20–22]. However, in rendering an RFC determination, the ALJ neither accounted for this elevation requirement nor sought the testimony of a vocational expert ("VE") to determine whether the need to regularly elevate the legs at or above the level of her heart would impact plaintiff's ability to accomplish light or sedentary work. [Tr. 19]. Succinctly stated, because of the ALJ's failure to address this critical issue in the RFC, the Commissioner's findings are not supported by substantial evidence. *See Perales*, 402 U.S. at 401

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also* 42 U.S.C. § 405(g) ("The [reviewing] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); *Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984); *Breeden v. Weinberger*, 493 F.2d 1002, 1011–12 (4th Cir. 1974) ("The statute governing review in Social Security cases authorizes [the court] to reverse the [Commissioner]'s decision 'with or without remanding the cause for a rehearing.'" (quoting 42 U.S.C. § 405(g))).

Reversal for award of benefits rather than remand is appropriate when, "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established." *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). Further, the Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden*, 493 F.2d at 1012. By contrast, remand, rather than reversal, is required when the ALJ fails to explain his or her reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

Here, the court in its discretion finds that remand so that an ALJ might consider plaintiff's claims again would serve no purpose. The ALJ's failure to include in the RFC the plaintiff's need to elevate her legs is in direct conflict with the ALJ's acknowledgment elsewhere in the opinion that such elevation was necessary. It is axiomatic that the requirement regularly to elevate the legs in such a manner does not permit light work on a regular and continuing basis which, by definition, "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). At the time of her application, plaintiff was a "person closely approaching advanced age." 20 C.F.R. § 416.963(d). Under Rule 201.12 of 20 C.F.R. Part 404, Subpart P, Appendix 2, Table I, a person with plaintiff's education, age, work history, and an RFC of sedentary is considered disabled. Thus, because plaintiff was closely approaching advanced age at the time of her application, and because the record indicates that, due to her need to elevate her legs, she was capable of, at most, sedentary work, plaintiff is disabled and reversal for an award of benefits is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED for an award of benefits.

SO ORDERED.

This 5 day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE