IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-61-BO

| | |
|---|---|
| KARLA LYNN SALDIERNA,<br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>*Acting Commissioner of Social Security*,<br>Defendant. | )<br>)<br>)<br>)<br>)     O R D E R<br>)<br>)<br>) |

Plaintiff's counsel has moved for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). [DE 27]. Defendant does not oppose plaintiff's right to a reasonable fee as the prevailing party under the EAJA, but does oppose the amount requested. For the reasons stated herein, plaintiff's motion is GRANTED but the total fee awarded is REDUCED.

## DISCUSSION

The EAJA provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was substantially justified in its litigation position. 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the EAJA, the claimant must show that he is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the Court within thirty days of final judgment and was supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). Because defendant does not dispute that plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the Court finds that plaintiff is eligible for attorneys' fees and costs.

"Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Harlan v. Colvin*, 2014 WL 1632931, *2 (W.D.N.C. April 23, 2014) (citing *Hyatt v. Barnhard*, 315 F.3d 239, 253 (4th Cir. 2002)). As a prevailing party, plaintiff "bears the burden of establishing that the number of hours for which she seeks reimbursement is reasonable and does not include any claim for hours which are excessive, redundant, or otherwise unnecessary." *Dixon v. Astrue*, 2008 WL 360989, *3 (E.D.N.C. Feb. 8, 2008). "The district court has substantial discretion in fixing the amount of an EAJA award . . . but is charged with the duty to ensure that the final award is reasonable." *Id.* (citing *Hyatt v. N.C. Dept. of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002); *Comm'r v. Jean*, 496 U.S. 154, 163 (1990) (internal quotations omitted)). When determining whether a fee is reasonable, a court considers the extent of the plaintiff success, the novelty and complexity of the issues, the skill and experience of the attorney, and the typical range of compensated hours. *See See Miles v. Colvin*, 2014 WL 1309293, *1 (E.D.N.C. July 24, 2014) (citing *Dixon*, 2008 WL 360989, *4; and *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C. 1986)).

Here, plaintiff seeks attorneys' fees in the amount of $11,134.00 and expenses in the amount of $1,256.61. Plaintiff's request is based on 58.6 hours of work. Although plaintiff was entirely successful and there is no question regarding the skill and experience of the attorneys, such an award would exceed the typical range of compensated hours in this field and the Court finds that the novelty and complexity of this case is not enough to justify such an award. *See Dixon*, 2008 WL 360989, at *4 (noting that compensated hours in social security appeals generally range from twenty to forty hours).

2

Accordingly the attorneys' fee is REDUCED to $7,000, which the Court finds to be reasonable in this instance. The request for expenses is ALLOWED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorneys' fees under the EAJA [DE 27] is GRANTED but the fee amount is REDUCED to $7,000. Plaintiff's request for reimbursement of expenses in the amount of $1,256.61 is ALLOWED.

SO ORDERED.

This 19 day of March, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE